IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0916
════════════
 
Pleasant Glade Assembly of 
God, Reverend Lloyd A. McCutchen,
Rod Linzay, Holly Linzay, 
Sandra Smith,
Becky Bickel, and Paul 
Patterson, Petitioners,
 
v.
 
Laura Schubert, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Second District of 
Texas
════════════════════════════════════════════════════
 
 
Argued April 12, 
2007
 
 
Justice Green filed a dissenting 
opinion.
 
 
Because the 
fundamental principles of Texas common law do not conflict with the Free 
Exercise Clause, courts can and should decide cases like this according to 
neutral principles of tort law. See Employment Div., Dep’t of Human 
Res. v. Smith, 494 U.S. 872, 876–90 (1990); Jones v. Wolf, 443 U.S. 
595, 602–06 (1979). If a plaintiff’s case can be made without relying on 
religious doctrine, the defendant must be required to respond in kind.[1] 
Though not always a simple task for courts, “the promise of nonentanglement and 
neutrality inherent in the neutral-principles approach more than compensates for 
what will be occasional problems in application.” Jones, 443 U.S. at 604. 
In contrast, today’s decision ignores the rule that “courts must not presume to 
determine the place of a particular belief in a religion or the plausibility of 
a religious claim,” Smith, 494 U.S. at 887, replacing it with a far more 
dangerous practice: a judicial attempt to “balance against the importance of 
general laws the significance of religious practice,” id. at 889 n.5. 
“The First Amendment’s protection of religious liberty does not require this.” 
Id. at 889. The trial court heeded these admonishments, but the Court 
today does not. For these reasons, and for those expressed by the Chief Justice, 
I respectfully dissent.
 
            
_________________________
            
PAUL W. GREEN
            
JUSTICE
 
OPINION 
DELIVERED: June 27, 2008




[1] 
This case is not about sanctioning voluntary religious practices. If Schubert 
had consented to the church’s actions, the consent—under our familiar, neutral 
principles of tort law—would have completely defeated her claims. See 
Tex. Penal Code § 22.01(a) 
(assault elements); Wal-Mart 
Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002) (false 
imprisonment elements); Restatement 
(Second) of Torts § 892A (1979) (effect of consent); cf. Tex. 
Bank & Trust Co. v. Moore, 595 S.W.2d 502, 508 (Tex. 1980) (consent as a 
matter of law). The jury, however, found that Schubert had not consented, and 
Pleasant Glade does not challenge that conclusion. When faced with an otherwise 
valid tort claim, Pleasant Glade’s religious motivation is not a defense. 
See Smith, 494 U.S. at 876–90.